**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

**No. 17-4366**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

JASON RANDALL HOWARD,

               Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. John Preston Bailey, District Judge. (2:16-cr-00023-JPB-MJA-13)

Submitted: May 31, 2018                            Decided: July 27, 2018

Before AGEE and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William L. Pennington, Morgantown, West Virginia; Deirdre H. Purdy, Chloe, West Virginia, for Appellant. William J. Powell, United States Attorney, Stephen D. Warner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Randall Howard was named in two counts of a 41-count, 20-defendant indictment alleging a methamphetamine distribution conspiracy. Following Howard's guilty plea to possession of a firearm by a person convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. §§ 922(g)(9), 924(a)(2) (2012), the district court sentenced Howard to 96 months' imprisonment. On appeal, Howard challenges the procedural and substantive reasonableness of his sentence. For the reasons that follow, we affirm.

We review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51-52 (2007). We "must first ensure that the district court committed no significant procedural error," such as improperly calculating the Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, or inadequately explaining the sentence imposed. *Id.* The sentencing explanation need not be extensive as long as we are satisfied that the district court "has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Engle*, 592 F.3d 495, 500 (4th Cir. 2010) (brackets and internal quotation marks omitted).

If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). In reviewing a sentence outside the Guidelines range, we "may consider the extent of the deviation, but

2

must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

Here, the district court calculated a 15- to 21-month Guidelines range, then imposed a significant upward variance sentence of 96 months. In reaching its sentencing decision, the court relied on several incidents detailed in Howard's presentence report, as well as testimony offered at sentencing, which established a pattern of repeated violent behavior toward others. Additionally, in its statement of reasons, the court indicated that it varied upward to protect the public from Howard's criminal conduct.

On appeal, Howard assigns error to the district court's failure to explain how an upward variance would serve "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Because defense counsel failed to "draw arguments from § 3553 for a sentence different than the one ultimately imposed," Howard's challenge to the district court's sentencing explanation is unpreserved and, consequently, subject only to plain error review. *United States v. Powell*, 650 F.3d 388, 395 (4th Cir. 2011) (brackets, emphasis, ellipsis, and internal quotation marks omitted).

At sentencing, the district court stated that it considered each § 3553(a) factor and provided a lengthy explanation in which it displayed substantial concern for Howard's history of violent conduct. Mindful that the district court has "extremely broad discretion when determining the weight to be given each of the § 3553(a) factors," *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011), and that it is not obligated to "robotically tick through § 3553(a)'s every subsection," *United States v. Carter*, 564 F.3d 325, 329 (4th

3

Cir. 2009) (internal quotation marks omitted), we detect no plain error in the court's sentencing explanation.

Next, Howard raises three challenges to the substantive reasonableness of his sentence. Because these claims were not raised at sentencing, we review only for plain error. *United States v. Hargrove*, 625 F.3d 170, 184 (4th Cir. 2010). First, Howard faults the court for considering the need to protect the public without also evaluating his likelihood of recidivism. Although the court did not specifically address Howard's risk of recidivism, the court's review of Howard's unrelenting criminality made clear its finding that Howard was unlikely to avoid reoffending.

Second, Howard disputes the district court's reliance on criminal conduct that was already accounted for in the probation officer's calculation of his criminal history category. However, "a fact that is taken into account in computing a Guidelines range is not excluded from consideration when determining whether the Guideline sentence adequately serves the four purposes of § 3553(a)(2)." *United States v. Bollinger*, 798 F.3d 201, 221 (4th Cir. 2015) (internal quotation marks omitted). Thus, the court did not commit plain error by using these prior criminal incidents to justify its variance sentence.

Finally, Howard asserts that the upward variance was unwarranted because nothing before the district court distinguished him from an ordinary defendant in a methamphetamine conspiracy case. On the contrary, the record contained significant evidence of Howard's brutal acts of domestic violence, which are not part and parcel of a drug conspiracy. Thus, the court appropriately concluded that Howard was not deserving of a within-Guidelines sentence.

4

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*